■ MICHELLE SANTILLI, Respondent, v WALTER SANTILLI, Appellant. In the Matter of MICHELLE SANTILLI, Respondent, v WALTER SANTILLI, Appellant. — In a matrimonial action, the appeal is from an order of the Supreme Court, Westchester County (Gurahian, J.), dated December 1, 1980, which awarded the wife the sum of $2,000 in counsel fees in addition to $1,000 in counsel fees previously awarded to her, and in a support proceeding pursuant to article 4 of the Family Court Act to determine support for the wife and infant issue of the marriage and to determine arrears pursuant to a temporary order of support of the Supreme Court, Westchester County, which issues were referred by the Supreme Court to the Family Court, the appeals are from (1) an order of the Family Court, Westchester County (Harris, J.), dated September 28, 1981, which, *inter alia*, (a) awarded the wife $400 per week for the support of herself and the parties' son Jeffrey, "allocable equally", (b) directed the husband to pay all costs of the mortgage on the former marital dwelling, including principal and interest and escrow for taxes, which amounted to $490 per month, and (c) directed the husband to pay the wife the sum of $50 per week towards the accumulated arrears which were fixed at $14,523.20 as of August 17, 1981, and (2), as limited by the husband's brief, so much of an order of the same court, dated December 29, 1981, as awarded the wife additional counsel fees in the sum of $2,500. Order dated Decemer 1, 1980, affirmed, without costs or disbursements. Order dated September 28, 1981, modified, on the facts and as an exercise of discretion, by deleting therefrom the provision directing the husband to pay the sum of $400 per week for the support of the wife and the parties' son Jeffrey, allocable equally, and by substituting therefor a provision directing him to pay the wife the sum of $75 per week for her support and the sum of $200 per week for the support of the parties' son Jeffrey. As so modified, order dated September 28, 1981 affirmed, without costs or disbursements. Order dated December 29, 1981 modified, on the facts and as an exercise of discretion, by reducing the counsel fee awarded therein to the sum of $1,000. As so modified, order dated December 29, 1981 affirmed insofar as appealed from, without costs or disbursements. The evidence discloses that the wife was earning an annual income of approximately $14,000 at the time of the Family Court hearing. By its order dated September 28, 1981, the Family Court directed the husband to pay all costs of the mortgage on the former marital residence, including principal and interest and escrow for taxes. The court also directed the husband to pay child support for Jeffrey, the son of the parties, who was in the wife's custody. In view of these circumstances, it was an abuse of discretion to award the wife $200 per week for her maintenance and we now reduce the same to $75 per week. The award of $200 per week as child support for Jeffrey was proper. With respect to counsel fees, we find that the sum of $2,500 awarded in the order of the Family Court, dated December 29, 1981, was excessive. Consequently, we modify that order so as to reduce the counsel fees awarded therein to $1,000. Hence, the counsel fees payable by the husband consist of (1) the $1,000 fee awarded in the *pendente lite* order of the Supreme Court, Westchester County, dated January 9, 1980, (2) the $2,000 fee awarded by the order of the Supreme Court, dated December 1, 1980 for the

continued representation and (3) the fee awarded by the order of the Family Court, dated December 29, 1981, as modified and reduced herein, to $1,000. Thus the counsel fees awarded to the wife in the Supreme and Family Court proceedings now total $4,000. Titone, J. P., Gulotta, Weinstein and Bracken, JJ., concur.